UNITED STATES of America ex rel. Edward J. SMITH, Appellant,

v.

Harry E. RUSSELL, Superintendent, State Correctional Institution, Huntingdon, Pennsylvania.

No. 15681.

United States Court of Appeals Third Circuit.

Submitted March 24, 1966.

Decided April 15, 1966.

Edward J. Smith, pro se.

Arlen Spector, Dist. Atty., Michael J. Rotko, Asst. Dist. Atty., Joseph M. Smith, Asst. Dist. Atty., Chief, Appeals Div., Philadelphia, Pa., for appellee.

Before McLAUGHLIN, HASTIE and GANEY, Circuit Judges.

PER CURIAM.

Appellant was convicted of aggravated robbery in a Commonwealth of Pennsylvania court. He is presently confined in a Commonwealth penal institution. His application for a writ of habeas corpus was denied in the district court.

Appellant made a statement after he was apprehended. When he signed the statement he admitted that he was told that anything in it would be used against him in the trial of the case, if the case was tried. He says that he was not told he could remain silent and that he had the right to contact an attorney. He stated that he then said, "Well, I think I ought to talk to an attorney; * * *." Later at the preliminary hearing, where

he was represented by his own private counsel, he pleaded not guilty. After he had been indicted for aggravated robbery and after the other three co-defendants in the case had been convicted, appellant, on the advice of his said attorney, pleaded guilty. From appellant's testimony at the state court habeas corpus hearing it is a reasonable inference that his plea of guilty was not motivated by his statement but by desire to mitigate the sentence.

Appellant attacks his statement as coerced, inter alia, claiming that his girl friend was held as hostage by the police until he signed it. The district court held that "The preliminary proceedings are not a critical stage in Pennsylvania and the statement he made prior to his preliminary arraignment at which time he pleaded not guilty (represented by private counsel) was not prejudicial since he entered a voluntary plea of guilty after his indictment, and after the other three defendants had been convicted."

Appellant asserts that he " * * * was never confronted with the witness against him * * * never given the opportunity to cross examine the witness against him nor was the corpus delicti ever established by independent proof." The complete answer to all this is that because the plea of guilty had been entered there was no trial.

Appellant also complains about alleged "misrepresentation" of his attorney and what his attorney did not do. He specifically notes in his brief that "his attorney * * * is a very capable and able attorney." Concerning appellant's contention regarding his attorney the district court held "This bare conclusion is not supported by any fact showing any incompetence or lack of good faith or anything whatsoever justifying any further inquiry as to whether the requirements of due process were met, United States v. Cariola, 3 Cir., 323 F.2d 180 (1963), nor does the record bear out his allegation."

We find no error in the denial of the application for habeas corpus by the district court.

The judgment of the district court will be affirmed.